961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey PHILLIPS, Defendant-Appellant.
 No. 91-3523.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1992.
 
 Before DAVID A. NELSON, BOGGS and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant-appellant, Jeffrey Phillips, appealed from his conviction on a one-count indictment charging him with possession of crack cocaine with intent to distribute in violation of 21 U.S.C. section 841(a)(1) and charging him with committing the offense within 1,000 feet of a public elementary school, in violation of 21 U.S.C. section 845(a).
 
 
 2
 The testimony during trial revealed that on June 5, 1990, members of the Street Gang Task Force arrived at 2384 East 55th Street, apartment 3178, in Cleveland, Ohio, to execute a search warrant. As Officer Parkinson exited the police car, he saw the defendant Phillips in a front window of the apartment. He observed Phillips run from the room. Parkinson conveyed his observations to Sergeant Gercar. The two officers immediately ran to the rear of the building where they saw Phillips drop a bag from the rear bedroom window. Parkinson retrieved the bag and discovered two vials of crack cocaine and a roll of money.
 
 
 3
 The other officers announced their presence and identity at the front door. After being denied entry, they forcibly entered the apartment and saw Phillips run out of the room from which he had thrown the bag containing the crack cocaine. Phillips ignored the officers' orders to stop but was apprehended and secured in a front bedroom of the apartment. A pager and $197.00 in cash were confiscated from his person.
 
 
 4
 Prior to trial, the court granted the defendant's motion requesting a jury view of the exterior of the apartment. During the viewing, the jurors were instructed to observe the proximity of an elementary school to the apartment and to note the geographical relationship between the two buildings. At trial, the parties stipulated that the vials contained 55.8 grams of a mixture containing a cocaine base. Gercar testified that the rock cocaine was in $20.00 units and that the quantity confiscated reflected an intent to distribute rather than personal use. He testified further that telephone pagers are common equipment utilized in trafficking in drugs. Finally, Gercar testified that, based on his daily experience with the geographical area that included the apartment building and the elementary school, the approximate distance between the school and the apartment site here in controversy was 250 feet.
 
 
 5
 On appeal, the defendant-appellant charged that the evidence was insufficient to support the jury verdict and, in particular, anchored his assignments of error in the credibility assessments made by the jury in crediting the officers' testimony over Phillip's denials and explanations. In determining the sufficiency of the evidence to support a jury verdict, the reviewing court must consider the evidence and the inferences it supports in the light most favorable to the government, and if there is sufficient evidence to conclude that some rational mind might fairly find guilt beyond a reasonable doubt, the issue is for the jury. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); United States v. Connery, 867 F.2d 929, 930 (6th Cir.1989). Credibility assessments are the sole perogative of the jury. The reviewing court cannot substitute its judgment for the jury's credibility evaluations, which are exclusively within the province of the jurors. Glasser v. United States, 315 U.S. 60, 77, 80, 62 S.Ct. 457, 468, 469 (1942); United States v. Gibson, 675 F.2d 825, 829 (6th Cir.1982), cert. denied, 459 U.S. 972 (1982). In the instant case, considering the evidence and the logical inferences arising therefrom in the light most favorable to the government, reasonable minds could find guilt beyond a reasonable doubt. The court has reviewed the appellant's remaining assignments of error and finds them to be without merit. Accordingly, the defendant-appellant's conviction below for violation of 21 U.S.C. sections 841(a)(1) and 845(a) is AFFIRMED.